UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JENNIFER ARENT,**

      Plaintiff,

-vs-                               Case No. 14-C-1022

**CAROLYN COLVIN,**
**Acting Commissioner of Social Security,**

      Defendant.

---

## DECISION AND ORDER

Jennifer Arent appeals the denial of her application for social security disability benefits. The Administrative Law Judge found that Arent's degenerative disc disease was a severe impairment at step 2 of the sequential evaluation process. However, between steps 3 and 4, the ALJ found that Arent had the residual functional capacity to perform sedentary work except sitting is limited to 30 minutes at a time; no climbing of ladders, ropes or scaffolds; occasional climbing of ramps and stairs; frequent balancing; occasional stooping, crouching, kneeling, and crawling. According to the ALJ, Arent could perform past relevant work as a data entry clerk — work that was not precluded by her RFC.

To uphold the denial of benefits, the ALJ's decision must rest on substantial evidence, untainted by an erroneous credibility finding.

*Engstrand v. Colvin*, --- F.3d ----, 2015 WL 3505585, at *4 (7th Cir. June 4, 2015). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004).

Reviewing courts defer to a credibility finding that is not patently wrong, but even so, an ALJ still must competently explain an adverse credibility finding with specific reasons supported by the record. *Engstrand* at *4. "An erroneous credibility finding requires remand unless the claimant's testimony is incredible on its face or the ALJ explains that the decision did not depend on the credibility finding." *Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014).

Regarding credibility, the ALJ found that the "alleged intensity" of Arent's symptoms and their impact on functioning "are not consistent with the totality of the evidence, which does not support a finding of total disability through the date last insured." R. 21. This language is similar to the oft-criticized "meaningless boilerplate" that "fails to link the conclusory statements made with objective evidence in the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). Nonetheless, the ALJ proceeded to offer further explanation for his credibility assessment. *Id.* at 367-68 ("the simple fact that an ALJ used boilerplate language does not automatically

undermine or discredit the ALJ's ultimate conclusion if he otherwise points to information that justifies his credibility determination").

According to the ALJ, Arent "described fairly limited daily activities in her Function Report," but "the claimant's treatment records through the date last insured and her testimony reflect greater activity, which is more consistent with the overall record, including the objective medical evidence." R. 22. Arent testified that she currently tends to some light housework, prepares meals in a crockpot, and goes on short grocery trips; that she occasionally attends her childrens' gymnastic lessons and, if weather permits, walks around the block; and that she reads with her children while sitting or takes them swimming with assistance. R. 22. The ALJ also took note of treatment notes indicating that Arent is "physically active approximately all day and spends a typical day cleaning, feeding her children, reading books, playing and going for walks." R. 22. According to the ALJ, these activities are "very consistent with being a stay-at-home mother to young children. Overall, the claimant's activities demonstrate that, despite experiencing symptoms related to her degenerative disc disease, the claimant remained able to engage in a number of normal day-to-day activities, many of which involve at least a sedentary level of exertion." *Id.*

This analysis is problematic because, as the Seventh Circuit has repeatedly explained, the ability to do household chores or other basic day-to-day activities does not equate to the ability to engage in full-time employment. *See, e.g., Moore v. Colvin*, 743 F.3d 1118, 1126 (7th Cir. 2014) ("a problem we have long bemoaned [is that] administrative law judges have equated the ability to engage in some activities with an ability to work full-time, without a recognition that full-time work does not allow for the flexibility to work around periods of incapacitation"); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *Spiva v. Astrue*, 628 F.3d 346, 351-52 (7th Cir. 2010). Through the date of last insured, Arent's children were ages 18, 12, 5, 3, and 21 months. Some of those children presumably spent time during the day at school; others took naps, played quietly by themselves, or sat reading or watching television, allowing Arent to rest as needed. Therefore, the ability to be a stay-at-home mom and engage in "a number of normal day-to-day activities" does not translate into the ability to engage in full-time, competitive work, even sedentary work. The ALJ's credibility finding is clearly erroneous.

Remand is also required because the ALJ erred in assessing the opinion of Arent's treating physician, Dr. Jayaprakash. A treating physician's opinion is entitled to "controlling weight" if it is "well-supported

by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). An ALJ must offer "good reasons" for discounting a treating physician's opinion. *Id.* Even if an ALJ gives good reasons for not giving controlling weight to a treating physician's opinion, the ALJ still has to decide what weight to give that opinion, considering the following factors: the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion. *Id.* at 308.

The ALJ gave "some weight" to Dr. Jayaprakash's opinion — those portions, it would seem, that support the ALJ's conclusion that Arent can perform sedentary work. However, the ALJ rejected Dr. Jayaprakash's opinion that Arent would be unable to return to gainful employment due to her neck and back problems. R. 23. The ALJ found that this opinion "is not supported by objective evidence and is inconsistent with Dr. Jayaprakash's contemporaneous treatment notes, which indicate that, while the claimant had moderate stiffness in the cervical spine and moderately reduced range of motion in the lumbar spine, she had no other abnormalities — demonstrating normal motor strength of the lumbar paraspinals, normal

- 5 -

lower extremity strength, normal sensations and a normal gait (both in weight shift and cadence)." *Id.* Arent's brief aptly demonstrates that Dr. Jayaprakash's opinion actually *is* supported by his treatment notes, *see* Brief at 9-15. For example, while the ALJ takes note of Dr. Jayaprakash's suggestion that Arent is capable of sitting, the ALJ fails to confront Dr. Jayaprakash's limitation to no more than two to four hours a day on a long-term basis. R. 314. This is obviously inconsistent with full-time employment. Ultimately, it appears that the ALJ was "playing doctor" by substituting his opinion for that of Dr. Jayaprakash. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) ("an ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record").

For all of the foregoing reasons, the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2015.

**SO ORDERED:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 6 -